IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Richard Jordan Washington, | ) | No. CV 05-1693-PHX-ROS (HCE) |
| | ) | |
| Petitioner, | ) | **REPORT & RECOMMENDATION** |
| | ) | |
| vs. | ) | |
| | ) | |
| | ) | |
| G. Fizer, et. al., | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |
| | ) | |

Pending before the Court is Petitioner's *pro se* Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.  Pursuant to the Rules of Practice of this Court, this matter was referred to the undersigned Magistrate Judge.  For the following reasons the Magistrate Judge recommends that the District Court dismiss the Amended Petition as untimely.

## I.      FACTUAL & PROCEDURAL BACKGROUND

### A.      State Proceedings

On October 20, 1989, Petitioner was charged by Indictment filed in Maricopa County Superior Court, Arizona, with eight counts of Armed Robbery (Counts 1 through 8). (Answer, p.2, Ex. A) The State alleged that the offenses were of a dangerous nature, "that

Petitioner had *Hannah*[1] priors and/or repetitive convictions", and that Petitioner had five prior felony convictions.  (Answer, p.2, Ex. B) Thereafter, in June 1990, the State notified the trial court and Defendant that it intended to proceed to trial only on Counts 1, 2, 4, and 7 of the Indictment and these counts were re-numbered as Counts 1 through 4 respectively. (Answer, p. 2, Ex. C, H) On January 18, 1991, the trial court dismissed with prejudice Counts 3, 5, 6, and 8 as they were originally numbered in the Indictment.  (Answer, p.2 n.3, Ex. H)

On July 20, 1990, following a jury trial, Petitioner was convicted on all four counts. (Answer, p.2, Ex. D) Petitioner subsequently waived his right to a jury trial on his prior convictions and admitted that he had previously been convicted of five felonies.  (Answer, p.2, Ex. E) On September 12, 1990, the trial court sentenced Petitioner to presumptive terms of 15.75 years of imprisonment on each count, with the sentences to run consecutively. (Answer, p.2, Ex. F)

On September 27, 1990, Petitioner filed a notice of appeal.  (Answer, pp. 2-3, Ex. G) The record herein does not contain Petitioner's appellate brief.  (Answer, p.3 n.4) On July 28, 1992, the state court of appeals affirmed Petitioner's conviction and sentences.  (Answer, p.3, Ex. I) In its decision, the appellate court identified the issues presented as follows:

1.   Did the trial court err in denying a motion for judgment of acquittal on count three of the indictment?
2.   Did the court abuse its discretion in denying defendant's motion to suppress evidence?
3.   Did the trial court abuse its discretion in denying defendant's motion to sever offenses for trial?

(Answer, Ex. I, p.4)   Petitioner next filed a petition for review by the Arizona Supreme Court which was denied on January 15, 1993.  (Answer, p.3, Ex. J) On January 22, 1993, the order and mandate issued.  (Answer, p.3, Ex. K)

On August 12, 1993 Petitioner filed a notice of post-conviction relief (hereinafter "PCR ").  (Answer, p.3, Ex. L) On April 11, 1994, appointed PCR counsel filed a Notice of

---

[1]*State v. Hannah,* 617 P.2d 527 (Ariz. 1980), *superseded by statute as discussed in State v. Hauser,* 105 P.3d 1158, 1161 n.2 (Ariz. 2005).

Completion of Post-Conviction Review wherein he stated that upon review of the entire file, he "was unable to find any claims for relief to be raised in post-conviction relief proceedings." (Answer, Ex. L) Counsel requested an extension so that Petitioner could file a *pro se* PCR petition. (Id.)

On July 28, 1994, Petitioner, acting *pro se,* filed a notice of post-conviction relief and a "Supplemental Brief." (Answer, p.3, Ex. N,O) Petitioner argued that the trial court improperly failed to declare a mistrial upon learning that the son of one of the jurors knew the prosecutor's son; there was insufficient evidence concerning identification of the robber; perjured testimony was presented; and there were errors concerning the charging documents and the grand jury proceeding. (Answer, p. 3, Ex. O) On October 31, 1994, the trial court dismissed the PCR Petition as follows:

> The issue raised by the Petitioner regarding the Grand Jury proceedings is a non issue in view of the jury verdict in this case.
> With regard to the remaining issues raised by the Petitioner concerning the jury and the evidence, those matters are precluded in view of the fact that they were not raised on appeal.
> However, even if they were not precluded, the Court determines that the Petition raises no material issue of fact or law which would be served by any further proceedings in this matter.

(Answer, Ex. P) Petitioner alleges that he sought appellate review of his PCR petition which was denied. (Amended Petition, p.2 (Doc. No. 10)) He also alleges that he sought review by the state supreme court which was also denied. (Id.) He does not specify the dates on which he requested review or the date of the court decisions denying same. (Id.) Respondents do not discuss whether Petitioner sought review.

On September 17, 1997, Petitioner, acting *pro se*, filed his second notice of post-conviction relief. (Answer, p.4, Ex. Q) Petitioner did not specify grounds for relief. (Answer, Ex. Q) On October 30, 1997, the trial court dismissed Petitioner's second notice by stating that "Rule 32.2 of the Arizona Rules of Criminal Procedure and A.R.S. § 13-4232 provide that [Petitioner] is precluded from relief on any grounds which were raised or could have been raised on appeal or in previous Rule 32 [i.e., PCR] proceedings." (Answer, Ex.

R) The court further stated that Petitioner failed to specify "what his claims are that would constitute exceptions to the preclusion rule and statute and [Petitioner] also has failed to present any reasons as to why these claims couldn't have been raised previously, both as required by Rule 32.2 and A.R.S. §13-4232."  (Id.)

On November 10, 1997, Petitioner filed a "Motion to Reconsider Denial of Notice for PCR Relief."  (Answer, Ex. S) On November 26, 1997, he filed his second PCR petition wherein he argued that he was: (1) entitled to relief due to a significant change in Arizona's sentencing law, i.e., A.R.S. § 13-604; and (2) he was entitled to disprorotionality review of his sentence because his sentence met the criteria set forth in Senate Bill 1250.  (Answer, p.4, Ex. T)  On December 12, 1997, the trial court dismissed the petition for failure to specify which claims "would constitute exceptions to the preclusion rule and statute and [because Petitioner] also has failed to present any reasons as to why these claims couldn't have been raised previously, both as required by Rule 32.2 and A.R.S. § 13-4232."  (Answer, Ex. U)

Thereafter, in January 1998, Petitioner filed a Petition for Review by the Arizona Court of Appeals.  (Answer, Ex. V) On June 23, 1999, the appellate court issued its finding that the "trial court abused its discretion when it dismissed the notice of petition for post-conviction relief on the grounds that the notice did not set forth any exception to preclusion...However, this court has reviewed the claims raised in the actual petition for post-conviction relief and concludes that no colorable claim is present."  (Answer, Ex. W) Therefore, the appellate court denied review.  (Id.)  Petitioner requested permission to file a motion for reconsideration which the appellate court denied on September 15, 1999.  (Answer, Ex. X) The court also extended the time for Petitioner to file a petition for review by the Arizona Supreme Court.  (Id.)  Petitioner then filed a petition for review by the Arizona Supreme Court which was denied on May 26, 2000.   (Answer, p.4, Ex.Y)

On October 21, 2003, Petitioner filed his third notice of post-conviction relief together with his third PCR petition.  (Answer, p.4, Ex. Z, AA) Petitioner argued that he was denied his Sixth Amendment right to effective assistance of counsel because his counsel failed to

present the plea offer to him and failed to communicate and explain the sentencing ranges applicable under the plea agreement in comparison to the sentences Petitioner faced if convicted after a trial.  (Answer, pp.4-5, Ex. AA) Petitioner alleged that his counsel told him about the offer on the day of trial but he did not see the offer until after the trial.  (Answer, Ex. AA, p.4) He further alleged that counsel's advice "about the plea terms was so incorrect and insufficient that it undermined his ability to make an intelligent decision about whether to accept the plea offer."  (Id. at p.4)

On November 4, 2003, the trial court dismissed Defendant's third PCR petition finding that the claim was precluded because Petitioner could have raised the claim in his first PCR petition.  (Answer, Ex. BB) On January 28, 2005, the Arizona Court of Appeals summarily denied Petitioner's petition for review of the trial court's denial of his third PCR petition.  (Answer, Ex. CC)

B.     Federal Proceeding

On June 6, 2005, Petitioner filed with this Court a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. No.1) On October 23, 2006, the Court dismissed Petitioner's Petition without prejudice and allowed Petitioner 30 days to file an amended petition because Petitioner, *inter alia,* failed to name his present custodian as a respondent and because he did not complete the petition on a Court-approved form.  (Doc. No.5) After receiving several extensions (Doc. Nos. 7, 9), Petitioner filed his Amended Petition (Doc. No. 10) on March 23, 2007.

Petitioner raises the following claims in his Amended Petition:

1.     The trial court erred in denying Petitioner's motion for judgment of acquittal on Count 3;

2.     The trial court erred in denying Petitioner's motion to suppress evidence obtained as a result of an illegal stop in violation of the Fourth Amendment;

3.     The trial court erred in denying Petitioner's motion to sever counts; and

      4.      Petitioner's trial counsel was ineffective in violation of the Sixth Amendment in that counsel failed to inform Petitioner about the plea offer and that counsel failed to object to the imposition of consecutive sentences.

(Amended Petition)

On March 6, 2008, the Court directed the Clerk of Court to serve a copy of the Amended Petition. (Doc. No. 12) On April 16, 2008, Respondents filed their Answer. (Doc. No. 16)  On May 8, 2008, Petitioner filed his "Response; Written Objections and Traverse to Respondents [sic] Answer to Petition for Writ of Habeas Corpus" (hereinafter "Reply"). (Doc. No.17)

## II.      DISCUSSION

### A.      Argument

Respondents argue that Petitioner's action is time-barred under the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter "AEDPA").  Alternatively, they argue that the Court is precluded from reviewing Grounds 1, 3 and 4 of the Amended Petition because Petitioner has procedurally defaulted on these issue.  Respondents also argue that Grounds 1 and 3 do not state claims cognizable on federal habeas review.

Petitioner argues that he is not subject to the timeliness provisions of the AEDPA which was enacted after his conviction and sentencing.  (Reply, at pp. 5-7) He, therefore, contends that his Amended Petition is timely.

### B.      Analysis

Petitioner's Amended Petition was filed on March 23, 2007.  Petitioner's Amended Petition was filed as a result of the Court's order dismissing Petitioner's first petition without prejudice and with leave to amend.  (*See* Doc. No. 5) Respondents "use the date of when Petitioner first filed his habeas petition, June 6, 2005..., as the relevant date for purposes of calculating the timeliness of his petition."   (Answer, p.7 n.5). Under the instant circumstances, the Court deems June 6, 2005, not March 23, 2007, as the relevant date for calculating the timeliness of Petitioner's federal habeas action. *See* Fed.R.Civ.P. 15(c); *see*

*also Mayle v. Felix*, 545 U.S. 644 (2005) (discussing circumstances under which amended habeas petition relates back to original petition); *Hebner v. McGrath,* ___ F.3d. ___ , 2008 WL 4210558 (9th Cir. Sept. 16, 2008) (same).

Because Petitioner's federal habeas petition was filed after the AEDPA's effective date of April 24, 1996, "the provisions of the [AEDPA] apply to this case." *Patterson v. Stewart,* 251 F.3d 1243, 1245 (*citing Smith v. Robbins* 528 U.S. 259, 268 n.3 (2000)). The AEDPA "imposes a one-year statute of limitations on habeas corpus petitions filed by state prisoners in federal court." *Id.* (citing 28 U.S.C. § 2244(d)(1))    Pursuant to section 2244, the limitations period:

> shall run from the latest of–
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. 2244(d)(1)(A)-(D).

The record herein is clear that  Petitioner's conviction became final in 1993. *See Bowen v. Roe,* 188 F.3d 1157, 1158 (9th Cir. 1999) (in determining when a judgment becomes final "by the conclusion of direct review or the expiration of the time for seeking such review," in cases where the petitioner has raised a federal question, the Ninth Circuit includes in the time for seeking direct review "the ninety-day period within which [the petitioner] could have filed a petition for writ of *certiorari* from the United States Supreme Court."); (*see also* Answer, Ex. J, K; *see also* Reply, pp.5-6). "State prisoners, like [Petitioner herein], whose convictions became final prior to AEDPA's enactment, had a one-year grace period

[–until April 24, 1997–] in which to file their petitions." *Patterson,* 251 F.3d at 1245-1246. (citations omitted)

Because Petitioner initiated this action on June 6, 2005, more than eight years after the AEDPA limitations period expired, his Amended Petition is untimely filed unless 28 U.S.C. § 2244(d)(1)(B),(C), or (D) operate to delay commencement of the statute of limitations or tolling applies.

1.     Delayed Commencement of Limitations Period

The record does not support application of sections 2244(d)(1)(B) through (D) to delay commencement of the AEDPA statute of limitations. To the extent that Petitioner's arguments raised in his second PCR petition allegedly related to then-recent changes in Arizona sentencing law, section 2244(d)(1) does not include changes to state laws as a reason for delaying commencement of the limitations period. Moreover, even if such a claim were contemplated by section 2244(d)(1), Petitioner's second PCR proceeding concluded on May 26, 2000. (Answer, Ex. Y) Under the AEDPA, Petitioner would have had one year from that date to seek federal habeas relief. However, Petitioner did not seek federal habeas relief until five years later on June 6, 2005.

Nor does the record support application of section 2244(d)(1)(B),(C) or (D) to the ineffective assistance of counsel claims raised in Petitioner's third PCR petition. Therefore, the Amended Petition is untimely unless tolling applies.

2.     Statutory Tolling

The AEDPA statute of limitations may be statutorily or equitably tolled. *Patterson,* 251 F.3d. at 1246-1247; *Malcom v. Payne,* 281 F.3d 951, 955 (9th Cir. 2002). The limitations period is statutorily tolled when a "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending...." 28 U.S.C. § 2244(d)(2).

Petitioner's first PCR proceeding commenced in 1993 and was dismissed on October 31, 1994. Petitioner alleges that he sought review of that dismissal and by the state appellate

court and state supreme court, both of which denied review.  (Amended Petition, p.2)
However, Petitioner does not allege  the dates that he sought such review or the dates on
which review was denied.   Respondents do not indicate whether Petitioner sought review.
Pursuant to the Arizona statute in effect when Petitioner's first PCR proceeding was
decided, a petition for appellate court review must have been filed with the trial court within
30 days of the trial court's final resolution of the PCR petition.  A.R.S. §13-4239 (1994); *see
also* Ariz.R.Crim.P. 32.9 (1994).  The trial court docket, which is a matter of public record,
does not reflect that Petitioner filed a petition for appellate court review with regard to the
trial court's October 31, 1984 dismissal of his first PCR petition.   *See*
www.superiorcourt.maricopa.gov.  Thus, Petitioner's allegation that he filed a petition for
review of the trial court's dismissal of his first PCR petition is unsupported.[2]

Petitioner initiated his next PCR proceeding in September 1997 – more than four
months after the AEDPA statute of limitations expired on April 24, 1997.  Respondents are
correct that the filing of Petitioner's second notice of post-conviction relief in September
1997 "did not restart his AEDPA one-year time limitation period."  (Answer, p.7)  A state
post-conviction relief proceeding filed after expiration of the AEDPA statute of limitations
period has no effect whatsoever on the statute of limitations calculation because such state
proceeding can neither revive the limitations period nor toll the already-expired period. *See*

---

[2]Even if Petitioner's allegation is correct that he sought appellate court and supreme
court review of the trial court's ruling concerning his first PCR petition, this would not
render the instant Amended Petition timely.  Even if the Court were to resolve all doubt in
favor of Petitioner and assume that appellate review of Petitioner's first PCR proceeding
tolled the AEDPA statute of limitations through resolution of Petitioner's second PCR
proceeding which concluded on May 26, 2000, then under the AEDPA, Petitioner would
have had until May 26, 2001 to seek federal habeas relief.  Petitioner did not seek such relief
until June 6, 2005–four years later.  Moreover, the filing of Petitioner's third PCR petition
in October 2003 does not alter this hypothetical conclusion given that such proceeding was
initiated after the May 26, 2001 statute of limitations had expired.  *See infra* pp. 9-10 (post-
conviction relief proceeding filed after expiration of the AEDPA limitations period does not
revive the limitations period).

*Ferguson v. Palmateer,* 321 F.3d 820, 823 (9th Cir. 2003) ("[S]ection 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed."); *Jiminez v. Rice,* 276 F.3d 478, 482 (9th Cir. 2001) (where petitioner filed his state post-conviction relief proceeding "after the AEDPA statute of limitations ended...[t]hat delay resulted in an absolute time bar..."); *Rashid v. Khulmann,* 991 F.Supp. 254, 259 (S.D.N.Y. 1998) ("Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations.")   Likewise, Petitioner's third post-conviction relief proceeding filed on October 21, 2003, did not restart the AEDPA's statute of limitations period.   *Id.*   Consequently, the AEDPA statute of limitations is not subject to statutory tolling on this record.

The instant action filed on June 6, 2005, was filed eight years after the AEDPA statute of limitations expired on April 24, 1997.   Therefore, Petitioner's Amended Petition is untimely unless equitable tolling applies in such a way as to render the Amended Petition timely.

### 3.   Equitable Tolling

Respondents argue that in light of the U.S. Supreme Court's decision *Bowles v. Russell,* __ U.S. __, 127 S.Ct. 2360 (2007), "the AEDPA is *not* subject to equitable tolling." (Answer, p.8) (emphasis in original).

The *Bowles* Court held that the timely filing of an appeal in a civil case is a jurisdictional requirement.   *Bowles,* __ U.S. __, 127 S.Ct. at 2366.   The Court reasoned that because federal statutes specified the time limits for filing a notice of appeal and for extending the notice-of-appeal period, Congress intended to preclude the courts from exercising jurisdiction over otherwise legitimate cases after a certain period of time has elapsed after final judgment.   *Id.* at 2366-2367.

As discussed above, the AEDPA establishes time limits regarding the timely filing of a petition for habeas corpus.   28 U.S.C. §2244(d)(1).   This District Court has noted that

[t]he Supreme Court has twice denied *certiorari* on the issue of whether these limits are jurisdictional. *See David v. Hall*, 540 U.S. 815...(2003); *Flanders v. Graves*, 537 U.S. 1236...(2003). The Supreme Court has noted that it has never squarely addressed whether equitable tolling applies to the AEDPA's statute of limitations. *Lawrence v. Florida*,__ U.S. ___, 127 S.Ct. 1079, 1085...(2007). Accordingly, whether the AEDPA is subject to equitable tolling remains an open question. However, several recent decisions in the District of Arizona have followed the Second Circuit[3] in holding that *Bowles* does not apply to the AEDPA. *See, Perea v. Schriro*, No. 07-2028-PHX-ROS, 2008 WL 2039404, *1 (D.Ariz. May 12, 2008); *Hernandez v. Arpaio*, CV-07-1712-PHX-DGC, 2008 WL 370900, * 2 (D.Ariz., Feb.11, 2008) (*citing Diaz v. Kelly*, 515 F.3d 149, 153-54 (2nd Cir.2008)).

*Bomar v. Schriro*, CV-08-769-PHX-ROS, 2008 WL 4183382 (D.Ariz. Sept. 11, 2008) (following "these District of Arizona cases in concurring with the Second Circuit's analysis in *Diaz* and holding that *Bowles* does not apply to the AEDPA."). *See also Faulkner v. Schriro*, CV-07-1822-PHX-JAT, 2008 WL 4138120 *8 (D.Ariz. Sept. 3, 2008) ("Although the Court is inclined to follow *Hernandez* [*supra]* and hold that *Bowles* does not apply to the AEDPA, the Court need not resolve that issue because even assuming equitable tolling remains viable after *Bowles,* as Respondents alternatively argue, Petitioner does not satisfy

---

[3]The Second Circuit case referred to is *Diaz v. Kelly,* 515 F.3d 149, 153-154 (2nd Cir. 2008) wherein the court stated:

> [I]t would be an unwarranted extension of *Bowles* to think that the Court was impliedly rendering equitable tolling inapplicable to limitations periods just because they are set forth in statutes. Since a statute of limitations is a defense, see Fed.R.Civ.P. 8(c), it has not been regarded as jurisdictional, *see Day v. McDonough*, 547 U.S. 198, 205... (2006) (AEDPA limitations period), and has been subject to equitable tolling, *see Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 95-96... (1990). We think it remains so after *Bowles*.
>
> The Supreme Court's recent decision is [sic] *John R. Sand & Gravel Co. v. United States,* --- U.S. ----, 128 S.Ct. 750...(2008), confirms our view. The Court there noted that most limitations periods are non-jurisdictional affirmative defenses and are subject to equitable tolling, *see id.* at 753-54, and viewed the limitations period governing suits against the United States in the Court of Federal Claims as jurisdictional only because a long line of prior decisions had so held and were entitled to adherence under principles of *state* [sic] *decisis*, *see id. at 756.*

*Bomar,* 2008 WL 4183382 *7 (*quoting Diaz,* 515 F.3d at 153-54).

the requirements for such tolling."); *Lopez v. Bock,* CV 07-1192-PHX-JAT, 2008 WL 2545073 *3 (D.Ariz. June 23, 2008) (rejecting magistrate judge's recommendation "that equitable tolling is...not available" in light of *Bowles* and noting that "the Ninth Circuit has continued to apply equitable tolling to the AEDPA's statute of limitations post-*Bowles."* ) (*citing Harris v. Carter,* 515 F.3d 1051, 1054, n.4 (9th Cir. 2008)). Likewise, the undersigned Magistrate Judge is inclined to concur with the cited cases in holding that *Bowles* does not apply to the AEDPA.   However, the Court need not resolve this issue "because even assuming equitable tolling remains viable after *Bowles,* as Respondents alternatively argue, Petitioner does not satisfy the requirements for such tolling." *Faulkner*,  2008 WL 4138120 *8.

       "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGulglielmo,* 544 U.S. 408, 418 (2005). Further, a petitioner's "lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling." *Raspberry v. Garcia,* 448 F.3d 1150, 1154 (9th Cir. 2006). Petitioner cites his "continuous, consistent and diligent quest...from 1990 to 2005" to exhaust his state court remedies.  (Reply, p.3).   The AEDPA statute of limitations expired in April 1997.  Petitioner's claim that he has been "pursuing his rights diligently" is belied by the record herein.  Moreover,  Petitioner has not shown that his untimely filing was due to an extraordinary circumstance.  Because Petitioner has failed to demonstrate that he diligently pursued his rights and that extraordinary circumstances prevented him from filing a timely federal habeas petition,  the AEDPA statute of limitations is not subject to equitable tolling in Petitioner's case.  Consequently, the instant Amended  Petition must be dismissed as untimely.

## III.    RECOMMENDATION

       For the foregoing reasons, the Magistrate Judge recommends that the District Court dismiss Petitioner's Amended Petition for Writ of Habeas Corpus as untimely.

Pursuant to 28 U.S.C. §636(b), any party may serve and file written objections within ten days after being served with a copy of this Report and Recommendation. A party may respond to another party's objections within ten days after being served with a copy thereof. Fed.R.Civ.P. 72(b). If objections are filed, the parties should use the following case number: **CV 05-1693-PHX-ROS.**

If objections are not timely filed, then the parties' right to *de novo* review by the District Court may be deemed waived. *See United States v. Reyna-Tapia,* 328 F.3d 1114, 1121 (9th Cir.) (*en banc*), *cert. denied,* 540 U.S. 900 (2003).

DATED this 18th day of September, 2008.

_____
Héctor C. Estrada
United States Magistrate Judge

- 13 -