IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Richard J. Washington,<br><br>    Petitioner,<br><br>vs.<br><br>G. Fizer et al.,<br><br>    Respondents. | No. CV-05-01693-PHX-ROS<br><br>**ORDER** |

On September 19, 2008, Magistrate Judge Hector C. Estrada filed a Report and Recommendation (Doc. 18) recommending the denial of Petitioner's application for Writ of Habeas Corpus (Doc. 1). On September 29, 2008, Petitioner responded (Doc. 23). For the following reasons, the Court will adopt the Report and Recommendation.

**BACKGROUND**

On July 20, 1990, Petitioner was convicted of multiple counts of armed robbery (Doc. 16 Ex. D). The Court of Appeals affirmed Petitioner's conviction and sentence and, on January 15, 1993, the Arizona Supreme Court denied review (Doc. 16 Ex. I, J). In 1994, 1997, and 2003, Petitioner sought post-conviction relief in state court and all petitions were dismissed

(Doc. 16 Ex. P, R, BB).[1]  On June 6, 2005, Petitioner filed a petition for writ of habeas corpus in this Court (Doc. 1).

## STANDARD

A "district judge may refer dispositive pretrial motions and petitions for writ of habeas corpus to a magistrate, who shall conduct appropriate proceedings and recommend dispositions." Thomas v. Arn, 474 U.S. 140, 141 (1985); see 28 U.S.C. § 636(b)(1)(B); Estate of Connors v. O'Connor, 6 F.3d 656, 658 (9th Cir. 1993).  Any party "may serve and file written objections" to the Magistrate's report and recommendation.  28 U.S.C. § 636(b)(1).  "A judge of the court shall make a *de novo* determination of those portions of the report or specified findings or recommendations to which objection is made."  Id.  A district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate."  28 U.S.C. § 636(b)(1).

## DISCUSSION

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), an inmate in state custody cannot file an application for writ of habeas corpus more than one year from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C. § 2244(d)(1)(A).  Inmates with convictions occurring before AEDPA's effective date have a one-year grace period to file a habeas petition, a period which expired on April 23, 1997.  See Patterson v. Stewart, 251 F.3d 1243, 1245 (9th Cir. 2001).  Petitioner's conviction became final in 1993 when the Arizona Supreme Court denied his appeal and concluded the direct review process.  Thus, Petitioner's final year for filing a habeas petition ran from AEDPA's effective date until April 23, 1997.  While outstanding petitions for state post-conviction relief will stay the

---

[1] Petitioner filed his second petition for post-conviction relief on September 17, 1997 (Doc. 16 Ex. Q).

AEDPA one-year limitation, Petitioner filed the first petition before AEDPA was enacted and filed the latter petitions after the AEDPA limitation expired.

Petitioner claims the AEDPA one-year limitation period did not commence until he received his state court case file because his petition is based on facts in the file and he was unable to obtain the file at an earlier date. See 28 U.S.C. § 2244(d)(1)(D). The Court rejects this claim. Section 2244(d)(1)(D) resets the habeas clock if a petitioner could not have discovered the factual predicate of his claim earlier "through the exercise of due diligence." Id. There is nothing in the record that supports Petitioner's claim of diligence when it took a decade to obtain his state court case file. Concomitantly, equitable tolling is not applicable. See Raspberry v. Garcia, 448 F.3d 1150, 1153-54 (9th Cir. 2006).

Petitioner's argument concerning the Arizona Court of Appeal's interpretation of AEDPA is irrelevant. Whatever a state court may have said about Petitioner's case, federal courts are the ultimate arbiters of federal law. Petitioner's Motions to Amend his habeas petition and Motion For Evidentiary Hearing are moot, since neither his proposed amendments nor any evidence he suggests would alter his failure to meet the AEDPA one-year filing deadline.

Accordingly,

**IT IS ORDERED** the Report and Recommendation (Doc. 18) is **ADOPTED** and the Petition for Writ of Habeas Corpus (Doc. 1) is **DENIED** and **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** Petitioner's Motion For Leave to Amend Petition Claims (Doc. 19), Motion For Leave to Amend (Doc. 20), and Motion for Evidentiary Hearing (Doc. 24) **ARE DENIED**. The Clerk of Court shall close this case.

DATED this 7th day of October, 2008.

Roslyn O. Silver
United States District Judge